**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2261
_____

MATTHEW CALIO,
Appellant

v.

CAMDEN COUNTY BOARD OF
CHOSEN FREEHOLDERS,
doing business as
CAMDEN COUNTY DEPARTMENT OF CORRECTIONS;
XYZ CORP. 1-10; ABC 1-10, Individuals (all ficticious names and/or
entities who should be identified through discovery)
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. Action No. 1-19-cv-08393)
District Judge: Honorable Renee M. Bumb
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 24, 2023
_____

Before: JORDAN, GREENAWAY, JR., and MCKEE, *Circuit Judges*.

(Opinion Filed: May 26, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**GREENAWAY, JR**., *Circuit Judge*.

Matthew Calio, an employee at the Camden County Detention Center (CCDC),[1] seeks reversal of the District Court's dismissal of his complaint. Although the District Court did not use the word "moot" in its opinion, its analysis and conclusion that, based on the concessions from the CCDC and the lack of damages to Calio, there were no issues left for trial, essentially embraces our mootness jurisprudence. Since this analysis is correct, we will affirm the order dismissing the complaint.[2]

## I. Background

Despite what can only be described as a tortured procedural history, the facts of this case are relatively straightforward. Calio began working at the CCDC as a Corrections Officer in 2001. In addition to his work responsibilities, he assists with the care of his mother, who suffers from dementia. Calio applied for intermittent leave pursuant to the Family and Medical Leave Act (FMLA) and the New Jersey Family Leave Act[3] (NJFLA) four times: once in 2016, once in 2017, and twice in 2018. The first application was denied because Calio had not worked enough hours to qualify for FMLA

---

[1] The defendant/appellee in this case is the Camden County Board of Chosen Freeholders, doing business as the Camden County Department of Corrections. Since the CCDC took all the actions at issue before us, we will refer to the appellee as the CCDC.

[2] Even if the District Court's analysis did not implicate the mootness doctrine, we would raise "the issue *sua sponte* because it implicates our jurisdiction." *Donovan ex rel Donovan v. Punxsutaney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003).

[3] After dismissing the FMLA claims, the District Court declined to exercise supplemental jurisdiction over Calio's NJFLA claims. Because Calio does not challenge that decision here, we will only address the FMLA claims.

leave, but the other three applications were approved.

Specifically, he received three designation notices,[4] each of which authorized his use of FMLA leave during a specific six-month period.  The first designation notice, dated March 24, 2017, covered the period from March 21, 2017 through September 21, 2017, and authorized Calio to use FMLA leave up to three times per month, each time with a duration of five days.  The second designation notice, dated June 12, 2018, covered the period of June 11, 2018 through December 11, 2018, and authorized Calio to use FMLA leave for an undetermined frequency and duration.  The third designation notice, dated December 4, 2018, covered the period from December 12, 2018 through June 12, 2019, and authorized Calio to use FMLA leave once per month, for a duration of five days.

At issue is the request that was approved in a designation notice dated December 4, 2018.  As already noted, the designation notice authorized Calio to take intermittent FMLA leave for five days, once per month.[5]  The frequency and length of the leave was

---

[4]  A designation notice "informs the employee whether the FMLA leave request is approved; [it] also informs the employee of the amount of leave that is designated and counted against the employee's FMLA entitlement.  An employer may also use this form to inform the employee that the certification is incomplete or insufficient and additional information is needed."  U.S. Dep't of Labor, Wage and Hour Div., https://www.dol.gov/agencies/whd/fmla/forms (last visited May 11, 2023).

[5] The CCDC viewed once per month as meaning once every 30 days, rather than once every calendar month, which is consistent with timeframes set forth in the FMLA.  *See* 29 C.F.R. §§ 825.300(d)(6), 308(c).

The appropriate method for counting "per month" is not at issue.  As explained below, regardless of how "per month" is determined, Calio exceeded his authorized FMLA leave usage twice in January 2019.

3

based on the medical certification Calio submitted. In the certification, his mother's physician estimated that Calio's mother would have flare ups once every four weeks, lasting between eight hours and five days per flare up. The designation notice also informed Calio that, pursuant to the CCDC's policy, he was required to use his sick days concurrently with his FMLA leave. This requirement is authorized by the FMLA. 29 U.S.C. § 2612(d)(2); 29 C.F.R. § 825.207(a).

Calio twice exceeded the FMLA leave authorized by his December 4, 2018 designation notice. The first time he exceeded his authorized FMLA leave was on January 6, 2019, which was within 30 days of his December 15, 2018, use of FMLA leave. He next took FMLA leave on January 14, 2019, which was approved because it was the first use of FMLA leave within the 30-day period of January 12, 2019 to February 12, 2019. On January 28, 2019, he sought to use FMLA leave again. That request was denied because it was the second request within the 30-day period of January 12, 2019 to February 12, 2019.[6]

These violations of the FMLA policy led the CCDC to provide Calio with two notices of disciplinary action on February 19, 2019. Together, the notices of disciplinary action recommended four days' suspension. On March 26, 2019, Calio was notified that the discipline would not be imposed and he would not need to serve any suspension time. He was further notified that "[t]he 2 dates utilized that initiated the Staff Complaints have

---

[6] Calio argues that he was authorized to take leave on January 6, 2019, as it was his first use of FMLA leave that month. Even if the January 6, 2019 leave was an FMLA approved absence, Calio still had two additional, unapproved leave days in January 2019: January 14, 2019 and January 28, 2019.

been converted to sick days and this matter has been officially closed." Suppl. App. 3. The memorandum also encouraged Calio to recertify his FMLA leave if he needed more time than what was approved in the designation notice.

After discovery, Calio and the defendant cross-moved for summary judgment. The District Court administratively terminated both motions and sought additional briefing on the procedures used to approve Calio's FMLA leave.[7]

New motions for summary judgment were filed by both parties, which the District Court denied based on its finding that genuine disputes of fact existed, albeit not relevant to this appeal. In doing so, the District Court noted that "Calio was not terminated, demoted, or reassigned, nor did he otherwise suffer any adverse financial or employment effects." App. 72.

After the Joint Final Pretrial Order ("JPTO") was filed, the District Court ordered additional briefing from the parties on what issues remained for trial. Calio reiterated his claims for equitable relief. In addition, he asserted a claim for injunctive relief, based on a theory that the CCDC had a practice of strictly enforcing FMLA approvals. Calio also sought a declaratory judgment that the CCDC's practice violated the FMLA.

After reviewing both parties' submissions, the District Court dismissed Calio's federal claims with prejudice and declined to exercise supplemental jurisdiction over the state claims. The District Court found that Calio "failed to show that he suffered any

---

[7] The District Court wanted to clarify whether the CCDC's approval of a five-day period, once per month, was sufficient, or if Calio was entitled to more FMLA leave beyond what the designation notice approved.

5

damages" and that "there is no issue for the jury to decide." App. 10, 13. Specifically, the District Court observed that Calio failed to show he suffered any damages because, as it turned out, he did not actually lose any of his sick days and any mention of FMLA leave in his performance reviews inured to Calio's benefit, not detriment. Further, punitive or nominal damages are not recoverable under the FMLA.

The District Court also concluded that injunctive relief and a declaratory judgment were improper because the "argument that [the CCDC] violated the FMLA merely by disciplining employees who exceeded their intermittent (i.e., frequency and duration) FMLA allotments is misguided and without merit." App. 8. Alternatively, the theory underlying these claims was based on evidence not contained in the JPTO. The District Court noted that allowing Calio to pursue them "would essentially be allowing [Calio] to add a claim on the eve of trial" and "would be a miscarriage of justice." App. 10.

Calio filed a timely notice of appeal. Before us, he argues: (1) unforeseeable, intermittent leave cannot be strictly enforced, by its nature, so the original designation notice capping him at a five-day period once per month is, in effect, unenforceable; (2) he was therefore protected by the FMLA when he took the two days of unauthorized leave in January 2019; (3) converting those days to sick leave is FMLA interference; (4) including FMLA leave in his attendance record is a negative inference and the District Court made a credibility determination, thus erroneously granting summary judgment;[8]

_____

[8] The argument regarding the grant of summary judgment is irrelevant because the District Court dismissed the case.

6

(5) the District Court applied the wrong standard when prohibiting him from amending the JPTO; and (6) the District Court's decision to dismiss the case was an unwarranted sanction. As a result, Calio seeks equitable relief and an injunction barring strict enforcement of FMLA approvals. He also wishes to recover costs and fees.

## II. Legal standard[9]

"We review de novo a district court's determination that claims are moot." *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 622 (3d Cir. 2013). "A 'case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.' The case remains live '[a]s long as the parties have a concrete interest, however small, in the outcome of litigation.'" *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 143 S.Ct. 927, 934 (2023) (alteration in original) (citations omitted) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)).

"[T]he central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occassion [sic] for meaningful relief." *Jersey Cent. Power & Light Co. v. New Jersey*, 772 F.2d 35, 39 (3d Cir. 1985). "The court's ability to grant effective relief lies at the heart of the mootness doctrine. That is, '[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as

---

[9] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

7

moot.'"[10] *Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003) (alteration in original) (citation omitted) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996)).

> The FMLA
>
> provides no relief unless the employee has been prejudiced by the violation: The employer is liable only for compensation and benefits lost "by reason of the violation," [29 U.S.C.] § 2617(a)(1)(A)(i)(I), for other monetary losses sustained "as a direct result of the violation," [29 U.S.C.] § 2617(a)(1)(A)(i)(II), and for "appropriate" equitable relief, including employment, reinstatement, and promotion, [29 U.S.C.] § 2617(a)(1)(B). The remedy is tailored to the harm suffered.

*Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002).

Here, Calio seeks equitable relief for the discipline he suffered (the alleged suspension), the conversion of his "protected leave days to unprotected sick days," and removal of "his taking of FMLA leave as a negative factor in his performance evaluations." Appellant's Br. at 8. Since none of these actions resulted in any harm to Calio, this Court, like the District Court, lacks the ability to grant any relief to him.

First, as the record makes clear, the CCDC decided not to impose the recommended discipline. As a result, Calio suffered no loss in pay, nor did he lose any leave time. Therefore, Calio is not entitled to any monetary or equitable relief related to his claims based on the recommended suspension. There was no suspension.

Second, his argument that he somehow lost a benefit because the leave days he took in excess of his approved FMLA leave were simply counted as sick days lacks logic.

---

[10] Though the District Court did not use the word "moot" in its opinion, the District Court applied this reasoning in dismissing the case.

The CCDC's policy requires—and the FMLA allows—-employees to use their sick days concurrently with FMLA leave.  29 U.S.C. § 2612(d)(2); 29 C.F.R. § 825.207(a).  Even if the two days had been treated as FMLA leave, Calio would have been required to use sick leave.  As to his request that his "leave days should be restored," Appellant's Br. 54, he provides no explanation as to how this would create an equitable remedy for him.

Third, nothing in the record indicates that Calio's use of FMLA leave was a negative factor in his performance reviews.  For example, when Calio took sixteen days of leave between January 2019 and July 2019, eleven days were authorized FMLA leave.  Despite these leave days, he received the highest possible attendance rating.  When Calio took twelve days of leave from January 2020 to July 2020, and only four were FMLA authorized, he received an "Unsatisfactory" attendance rating.

As the District Court aptly observed, "[Calio's] argument that these were negative inferences is belied by the record, by the fact that he had **more** overall absences in the [the 2019 period] than he did in [the 2020 period] but still received a higher score in the [2019 period]."  App. 12.  Distinguishing the number of FMLA days from the overall absences in the attendance record establishes that the use of excess regular sick days is what led to the unsatisfactory rating.

As to his request for an injunction, Calio has identified no policy or procedure that requires correction.  He asks that this Court enjoin the CCDC from continuing its "widespread policy and practice of strictly enforcing limits on FMLA leave." Appellant's Br. 39.  However, the only evidence Calio offers demonstrates that the

9

CCDC is simply disciplining employees who abuse or misuse their FMLA leave.[11]

Calio's request for declaratory relief fails for essentially the same reason: this Court cannot direct the CCDC to stop applying the strictures of the FMLA.

Finally, Calio's argument that the case was dismissed as a sanction misapprehends the District Court's reasoning. Nothing in the District Court's opinion suggests that the dismissal was entered as a sanction. Rather, the District Court explained that the federal courts could provide no relief to Calio.[12]

## III. Conclusion

For the foregoing reasons, we will affirm the District Court's judgment dismissing the case.

---

[11] For example, discipline was recommended, but not imposed, when one employee sought to use FMLA leave because he or she was "putting [his or her] dog down today." App. 161. Nothing in the FMLA remotely implies that a pet can be considered a family member. As a result, it appears that this employee misused his or her FMLA leave and was notified of the misuse, but, like Calio, no discipline was ever imposed.

[12] Calio raises other arguments, none of which challenge our decision that the District Court correctly concluded the case is moot. As already mentioned, mootness divests the court of jurisdiction. *Donovan*, 336 F.3d at 216. We therefore cannot reach any of Calio's other arguments.

10